UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES COUNTERMAN, | : | CIVIL NO. 1:21-CV-384 |
| Petitioner | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| SCOTT FINLEY, et al., | : | |
| Respondents | : | |

# MEMORANDUM ORDER

I. **Statement of Facts and of the Case**

This case began as a federal habeas corpus petition brought by a federal inmate challenging the conditions of his confinement during the current COVID-19 pandemic. Recently, the petitioner filed a pleading, captioned as an addendum, (Doc. 7), which purports to further describe this conditions of confinement claim and seeks relief on behalf of multiple inmates including a purported class of all similarly situated prisoners.

II. **Discussion**

    A. **This Motion For Class Certification Should Be Denied Since a Federal Inmate Is Not an Adequate Class Representative**

James Counterman, a federal inmate, now apparently seeks leave of court to act as the representative of an inmate class action. Pursuant to Rule 23 of the Federal Rules

1

of Civil Procedure, there are four prerequisites which must be met before this case could be certified as a class action. To obtain class certification, it must be shown that:

> 1) the class is so numerous that joinder of all members is impracticable; 2) there are questions of law or fact common to the class; 3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and 4) the representative parties will fairly and adequately protect the interests of the class.

See Fed.R.Civ.P. 23(a). These requirements are set forth in Rule 23 in the conjunctive. Therefore, a district court can only certify a class if all four requirements of Rule 23(a) are met. See In re Hydrogen Peroxide Antitrust Litig., 552 F.3d 305, 309 n.6 (3d Cir. 2008); In re Prudential Ins. Co. of America Sales Practice Litigation, 148 F.3d 283, 308-09 (3d Cir. 1998). Since all four of these elements must be met before a class action may be certified, the failure to satisfy any single element is fatal to any proposed class certification.

In this case, turning first to Rule 23's requirement that "the representative parties will fairly and adequately protect the interests of the class," we find that Counterman cannot serve as a fair and adequate class representative since it is well settled that:

> [A] prisoner proceeding *pro se* may not seek relief on behalf of his fellow inmates. See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[I]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."); see also Wallace v. Smith, 145 Fed. Appx. 300, 302 (11th Cir. 2005).

Alexander v. New Jersey State Parole Bd., 160 F.App'x 249, 250 (3d Cir. 2005). Thus, "*pro se* litigants are generally not appropriate as class representatives." Hagan v.

Rogers, 570 F.3d 146, 159 (3d Cir. 2009) (quoting Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975)). Since Counterman, a *pro se* inmate litigant, cannot serve as a class representative, any class certification proposal does not meet this threshold consideration that the representative party will fairly and adequately protect the interests of the class, and this *pro se* request for class certification should be denied.

### III. Order

Accordingly, for the foregoing reasons, the petitioner is placed on notice that any *pro se* request for class certification (Doc. 7) is inappropriate and individual petitioners should file individual claims instead.

So ordered this 15th day of March 2021.

S/Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge
