IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES COUNTERMAN,** | : | Civil No. 1:21-CV-00384 |
| Petitioner, | : | |
| v. | : | |
| **SCOTT FINLEY, et al.,** | : | |
| Respondents. | : | Judge Sylvia H. Rambo |

# **M E M O R A N D U M**

Presently before the court is a report and recommendation ("R&R") issued by United States Magistrate Judge Martin C. Carlson on April 27, 2021 (Doc. 29), which recommends denying the petition for writ of habeas corpus filed by Petitioner James Counterman ("Petitioner") pursuant to 28 U.S.C. § 2241, and the Petitioner's objections thereto (Doc. 31). For the reasons set forth below, the Court shall adopt the R&R in its entirety and overrule the Petitioner's objections.

## I.   BACKGROUND AND PROCEDURAL HISTORY

Upon *de novo* review of the record, the court adopts the R&R's statement of facts and procedural history concerning this *pro se* habeas corpus petition. Petitioner, who is currently incarcerated at FCI Schuylkill, is serving a 144-month sentence for drug trafficking and money laundering. (Doc. 27-1, at 10). Petitioner purportedly suffers from obesity, hypertension, Hepatitis B and C and previously tested positive for COVID-19 on December 22, 2020. (Doc. 1, at 2; Doc. 27-1, at 7). Although

1

Petitioner is considered recovered from COVID-19, he argues that his medical conditions continue to place him at increased risk of developing severe medical complications from COVID-19 should he become re-infected with the virus. (*Id.*)

Additionally, the record shows that Petitioner was offered, but refused, the Pfizer-BioNTech COVID-19 vaccine on February 9, 2021. (Doc. 27-1, at 9, 21-22). According to Petitioner, he declined vaccination due to the Centers for Disease Control and Prevention's ("CDC") "recommendation of waiting at least 90 days post-covid prior to taking the vaccine, and [individuals] also [being] recovered, showing no further symptoms." (Doc. 31, at 1).

Petitioner filed a petition for writ of habeas corpus on March 2, 2021 and asserts that his continued detention at FCI Schuylkill violates the Eighth Amendment's prohibition against cruel and unusual punishment. (Doc. 1). The basis of his federal habeas petition is that prison officials allegedly failed to implement proper COVID-19 protocols, which thereby subjected him to unsafe conditions and caused him and other inmates to contract the virus. As for relief, Petitioner seeks to either be released to home confinement, receive some form of "order of enlargement" regarding his custodial status, or have Respondents provide "medically adequate social distancing, [] healthcare, and sanitation" at FCI Schuylkill. (Doc. 1, 45-47).

On April 27, 2021, the Magistrate Judge issued a R&R that recommended denying the Petitioner's § 2241 petition on several grounds. Specifically, the R&R found that: (1) insofar as Petitioner sought to bring a putative class action on behalf of himself and other inmates at FCI Schuylkill, his *pro se* request for class certification should be denied; (2) Petitioner had not satisfied the administrative exhaustion requirement for his COVID-19 related claims; (3) Petitioner's claims for relief under the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act") were not cognizable, as his request for home confinement was within the sole discretion of the Bureau of Prisons ("BOP"); and (4) that Petitioner's Eighth Amendment claim failed as a matter of law when he had fully recovered from a case of COVID-19 and declined to be vaccinated as a preventative measure against further COVID-19 infection. (Doc. 29). Plaintiff filed objections to the R&R on May 10, 2020 (Doc. 31), to which the Government responded on May 24, 2021 (Doc. 33). The Petitioner then filed a reply brief on June 3, 2021, (Doc. 34), bringing this case to its present procedural posture.

## II.  LEGAL STANDARD

When objections are timely filed to a magistrate judge's report and recommendation, the district court must conduct a *de novo* review of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of

review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)). For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citation omitted). Regardless of whether or not timely objections are made, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule 72.31.

### III. DISCUSSION

Petitioner raises several objections to the findings of the magistrate judge set forth in the R&R. Specifically, Petitioner objects to the finding that he cannot serve as a class representative and argues that exhaustion of his administrative remedies was futile in the context of the COVID-19 pandemic. Petitioner also objects to the finding that his Eighth Amendment claim fails as a matter of law. The Court will address each objection in turn.

### 1. The R&R Correctly Found that Petitioner Cannot Serve as a Class Representative under FED R. CIV. P. Rule 23.

First, Petitioner argues that the R&R erred in finding that he, as a *pro se* litigant, cannot serve as a class representative on behalf of his fellow prisoners. Pursuant to Rule 23 of the FEDERAL RULES OF CIVIL PROCEDURE, the following prerequisites must be met in order to obtain class certification:

> 1) the class is so numerous that joinder of all members is impracticable;
> 
> 2) there are questions of law or fact common to the class;
> 
> 3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> 
> 4) the representative parties will fairly and adequately protect the interests of the class.

With respect to the fourth element, "it is well settled that *pro se* inmates are not permitted to represent a class of litigants." *Mincy v. Deparlos*, 497 F. App'x 234, 238 n. 3 (3d Cir. 2012) (citing *Hagan v. Rogers*, 570 F.3d 146, 159 (3d Cir. 2009)). Therefore, the Court finds that the Petitioner's objection fails as a matter of law and will be overruled.

### 2. The R&R Correctly Found that Petitioner Failed to Exhaust his Administrative Remedies.

Next, Petitioner objects to the finding that he did not properly exhaust his administrative remedies within the BOP. Petitioner asserts that exhaustion was futile, as it would have required him to "sit around and enter remedies that take up to one year" while "facing serious illness and or death for a second time." (Doc. 31,

5

at 5). Nonetheless, courts within this Circuit "have consistently recognized that a petitioner challenging the fact, duration, or execution of his sentence—including a request for release to home confinement [under the CARES Act]—must first demonstrate that he has fully exhausted his available administrative remedies." *Hernandez-Sierra v. Bradley*, No. 3:21-CV-57, 2021 WL 3173582, at *3 (M.D. Pa. July 26, 2021) (collecting cases). Here, there is no dispute that Petitioner did not exhaust his COVID-19 related administrative remedies, and the Court agrees with the R&R's finding that Petitioner's "subjective belief that exhaustion may be futile does not excuse him from fully exhausting [his CARES Act claims or related constitutionally grounded custody complaints based upon the COVID-19 pandemic]." (Doc. 29, at 14). Accordingly, the Court finds no legal error in the magistrate judge's conclusion and will overrule the Petitioner's objection.

### 3. **The R&R Correctly Found that Respondents did not Violate the Petitioner's Eighth Amendment Rights.**

Finally, Petitioner objects to the magistrate judge's finding that his Eighth Amendment claim fails as a matter of law. The Eighth Amendment guarantees a prisoner's right to be free from "cruel and unusual punishments" while in custody. *Ricks v. Shover*, 891 F.3d 468, 473 (3d Cir. 2018) (quoting *Whitley v. Albers*, 475 U.S. 312, 318 (1986) (quoting U.S. CONST. AMEND. VIII)). "To prevail against prison officials on a claim that an inmate's conditions of confinement violated the Eighth Amendment, the inmate must meet two requirements: (1) the

6

deprivation alleged must be, objectively, 'sufficiently serious,' and (2) the 'prison official must have a sufficiently culpable state of mind.'" *Thomas v. Tice*, 948 F.3d 133, 138 (3d Cir. 2020) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). As relevant here, the second element is met when an inmate shows that "prison officials acted with deliberate indifference to the inmate's health or safety or conditions of confinement that violated the inmate's constitutional rights." *Id.* at 138 (citing *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991).

As the R&R properly noted, the United States Court of Appeals for the Third Circuit has held that a habeas petitioner's "claim that unconstitutional conditions of confinement . . . require . . . release is cognizable in habeas." *Hope v. Warden York Cty. Prison*, 972 F.3d 310, 325 (3d Cir. 2020). Such a challenge in a federal habeas action, however, is viable "*only in extreme cases*." *Id.* at 324 (emphasis in original)(citations omitted). For example, despite the "unique concerns regarding the spread of the COVID-19 virus" in confined, prison settings, *Rodriguez-Francisco v. White*, No. 1:20-CV-1076, 2020 WL 4260766, at *3 (M.D. Pa. July 24, 2020), courts within this circuit have found that the "inability to practice social distancing is not, in and of itself, sufficiently serious to implicate a violation of the Eighth Amendment." *Butcher v. Howard*, No. 1:20-CV-01994, 2021 WL 37994, at *5 (M.D. Pa. Jan. 5, 2021) (citing *Engelund v. Doll*, No. 4:20-cv-604, 2020 WL 1974389, at *9 (M.D. Pa. Apr. 4, 2020)).

7

Here, Petitioner argues that Respondents displayed deliberate indifference to his serious medical needs. Specifically, Petitioner avers that he continues to experience lingering side-effects from COVID-19 that have gone unattended, that Respondent Finley housed inmates in contaminated cells, and that the BOP stopped testing for COVID-19 at FCI Schuylkill.[1] Nonetheless, upon de novo review of the record, the Court agrees with the R&R's assessment that the BOP has taken several reasonable steps to curtail the effects of the pandemic at FCI Schuylkill. Such measures include regularly testing both inmates and staff, implementing contact tracing whenever a case of COVID-19 is identified, practicing quarantine and isolation strategies, and providing inmates with vaccination opportunities. (Doc. 27-1, at 5-7).

Further, while his previous exposure to COVID-19 is indeed regrettable, the record shows that staff members were ultimately responsive to Petitioner's health

---

[1] Petitioner raises other factual and legal objections that ultimately amount to *ad hominem* and pejorative attacks. (*See* Doc. 31, p. 1 ("If Judge Martin Carlson would have taken the time to read the case at hand, Addendum and Reply, instead of using the falsified documents sent to this Court by the Bureau of Prisons, he would have realized that this Petitioner is still severely suffering from the after effects of COVID-19."); p. 4 ("Judge Carlson is quick to side with the BOP, this is understandable since they are all members of the DOJ."); ("Again, Judge Carlson is quick to defend the BOP. He has refused to address any of the deliberate indifference issue[s] the Petitioners have raised.")). Because such objections "make absolutely no meritorious legal attack on the Magistrate Judge's recommendations," and instead rely on "*ad hominem* attacks," the court "shall not address the inarticulate and unavailing arguments contained therein." *Cluck-U Corp. v. Docson Consulting, LLC*, No. 1:11-CV-1295, 2011 WL 4072987, at *2 (M.D. Pa. Sept. 13, 2011).

service requests and that Petitioner did not avail himself[2] of the prison's vaccination efforts. (Doc. 25-2, at 25-47; Doc. 31-2, at 5-25). As noted by the magistrate judge, Petitioner "cannot refuse medical care and then cite the lack of such care as an Eighth Amendment violation." (Doc. 29, at 20). In sum, "[Petitioner] has not identified, let alone proven, any official conduct that exhibits deliberate indifference to the health or safety or prisoners during this unprecedented worldwide pandemic." *Rodriguez-Francisco*, 2020 WL 4260766, at *5; *see also Wilkins v. Wolf*, No. 1:20-CV-2450, 2021 WL 2376678, at *6 (M.D. Pa. June 10, 2021) (collecting cases). Accordingly, Petitioner's Eighth Amendment claim cannot succeed, and the Court will overrule his objection.

## IV.   **CONCLUSION**

For the reasons set forth above, the Court shall overrule the Plaintiff's objections and adopt the R&R in its entirety. Therefore, the Petitioner's request for class certification and petition for habeas relief will be denied and dismissed. Further, to the extent one is required, the Court declines to issue a certificate of

---

[2] Petitioner states that he declined vaccination based on the CDC's recommendation that individuals with COVID-19 should delay vaccination until they are asymptomatic for 90 days. (Doc. 31, at 1). Current CDC guidance, however, indicates that individuals who have recovered from COVID-19 should wait 90 days before getting a vaccine if they were "treated for COVID-19 with monoclonal antibodies or convalescent plasma" or have a "history of multisystem inflammatory syndrome in adults[.]" Centers for Disease Control and Prevention, Vaccines, *Frequently Asked Questions about COVID-19*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/faq.html (last accessed August 23, 2021).

appealability as Petitioner has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[3] An appropriate order shall follow.

*/s/ Sylvia H. Rambo*
SYLVIA H. RAMBO
United States District Judge

Dated: August 25, 2021

---

[3] The Court notes that the Third Circuit has previously held that "[t]he requirements for obtaining a certificate of appealability set forth in 28 U.S.C. § 2253(c) do not apply to prisoners appealing the denial of a § 2241 petition." *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 177 (3d Cir. 2017) (citing *United States v. Cepero*, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on other grounds by *Gonzalez v. Thaler*, 565 U.S. 134 (2012)); *see also Muza v. Werlinger*, 415 F. App'x 355, 357 (3d Cir. 2011) (same).